In re. Farmer's Bank of Leeton, J. T. Greer et al., Respondents, v. Earl A. Major, Deputy Commissioner of Finance, Appellant.[*]

Kansas City Court of Appeals. May 21, 1928.

---

[*]Corpus Juris-Cyc References: Contempt, 13 CJ, section 118, p. 80, n. 41; section 121, p. 81, n. 55.

*M. D. Aber* for appellant.

No brief for respondent.

ARNOLD, J.—This is an appeal from an order and judgment of the trial court in a hearing on a citation for contempt. No bill of exceptions is presented and the cause is before us on the record proper. From this record it is learned the petitioners for the citation are J. T. Greer and others, stockholders in the Farmers Cooperative Company, theretofore incorporated for the purpose of operating an elevator for storing and handling grain, purchasing supplies, etc., at Leeton, Johnson county, Missouri. On March 3, 1925, a statutory number of the stockholders of the said corporation

by petition sought dissolution at the hands of the circuit court of Johnson county and a decree to that effect was entered in March, 1925.

It appears that at the time of the trial and the subsequent decree of dissolution, the Cooperative Company was indebted to the Bank of Leeton, Leeton, Mo., in the sum of $4701.72, which company at that time had ninety-three stockholders and fifty-one of whom entered their appearance at the hearing and consented to the dissolution. It further appears that at the entry of said order of dissolution, or soon thereafter, the Farmers Bank of Leeton received the available assets of the corporation and operated to reduce the debts of the company to approximately $1000. On April 25, 1925, the officers of the Cooperative Company wrote all the co-partners and sometime stockholders, advising them of the amounts of their proportionate shares of the debt to the bank remaining unpaid, and requiring each to pay his proportionate share thereof; that a sufficient number responded to further reduce the indebtedness by $262.17.

While the matter thus stood—the exact date not given—the Farmers Bank of Leeton failed and its affairs passed into the hands of E. A. Major, special deputy commissioner of finance of the State of Missouri, for liquidation. It appears that at the June term of the Johnson county circuit court, 1926, an order was made directing said special deputy to pay to the depositors of the bank whose claims had been given an ordinary status, a dividend of thirty-three and one-third per cent of the amount of their several claims which were represented by the proceeds of the assets of the bank, including the stockholders of the Cooperative Company who were depositors. This the special deputy refused to do as applied to the Cooperative depositors, but applied the same to the indebtedness of the Cooperative Company to the bank.

On December 27, 1926, there was filed in the office of the clerk of the circuit court a petition for a citation for contempt, as follows:

"Comes now your petitioner and states to the court that this court has ordered a dividend in the above-entitled cause and that E. A. Majors, party in charge of said bank's affairs, has failed and refused to pay said dividend to those to whom it belongs, in this, that he is deducted from said dividends or refusing to pay until each shareholder in the defunct corporation known as Farmers Cooperative Elevator pay his proportional share of a note held by said bank against said corporation, all of which he has no right to do.

"Your petitioner further states that a part of those complaining about such action are W. D. Swigert, Allen W. Swigert, W. D. Shields and J. T. Greer.

"Your petitioners pray the court to cite said E. A. Majors for contempt and require him to show cause why the order of this court has not been complied with and for such other relief as to the court may seem fit and proper."

The record shows no citation thereon was issued, but upon oral direction of the court that the accused make a showing, there was a statement filed on February 14, 1927, by and on behalf of said special deputy commissioner to the effect that prior to April 25, 1925, the Farmers Cooperative Company was indebted to the Farmers Bank in the sum of $4701.72; that on March 3, 1925, a petition for dissolution of the Cooperative Company was filed. No notice was served on any of the stockholders and no writs were issued; no notice was issued to any of the creditors of the Cooperative Company and none such entered appearance. That on March 27, 1925, a decree of dissolution was entered dissolving the corporation; that the proceedings relative thereto, by reason of the omissions aforesaid were not effective to accomplish a dissolution, and that as a result of such abortive dissolution the stockholders are, in effect, partners of such organization and liable for its debts. That at the time of said attempted dissolution the Farmers Bank received the available assets of the corporation which operated to reduce the debt to the bank to about $1000. On April 25, 1925, D. E. Lowry as president and A. B. Roop as secretary wrote the said stockholders, advising them of the amount of the proportionate share of the debt remaining unpaid, and requiring each to pay the same; that prior to the date the bank was closed, $262.17 had been paid, in response thereto, as the pro-rata shares of different partners; that thereafter respondent Major came into active charge for the liquidation of the bank; that he addressed letters to the remaining stockholders, a large number of whom not having previously paid, responded by payment, so that, as stated, $262.17 of the indebtedness had been paid at the time the bank ceased business; thereupon the deputy commissioner addressed letters to the remaining stockholders and received payments from a large number of them; that on April 26, 1926, the court directed the payment of a dividend of thirty-three and one-third per cent of the deposits and the deputy commissioner applied the principle of set-off against payments distributable to the remaining non-contributing stockholders, and withheld the *pro rata* share of each from such dividend, which action was acquiesced in by all distributees entitled to participate except eight. Respondent says:

"That it is unjust, unfair and discriminative that he now be required by order of this court to pay these eight under the conditions, and asks that the court direct that he pay to each of those named his or her full one-third of the amounts found as such deposits less the proper equitable *pro rata* share of each due said bank,

and that when so done, he may be credited with having paid such dividend in full, so that the remaining depositors in said Farmers Bank may not be discriminated against by reason of these having received so unfair an advantage as that claimed by them."

To this statement there was no reply. The matter was presented to the court and evidence introduced in support of the said answer. Thereupon the court entered of record the following decree:

"Now on this day came J. T. Greer, W. D. Swigert, Allyn Swigert and W. D. Shields upon their petition for citation against Earl A. Major, deputy commissioner of finance, in charge of Farmers Bank of Leeton for contempt in not paying to petitioners the full amount of dividends allowed to them as depositors in said bank, and comes also Earl A. Major and files his answer to their said petition.

"And the parties respectively announcing themselves ready for hearing upon said proceeding, the deputy commissioner offers in evidence the judgment roll in the proceedings had in cause No. 6401 in this court, including petition therefor, the entry of appearance signed only by Joseph B. Reynolds, cashier of said bank, the publication and proof thereof, and entries of appearance of certain of the stockholders, and the purported judgment of the court and offers other evidence.

"And the court being fully advised in the premises doth find that the dissolution of the said Farmers Cooperative Company was fully and lawfully accomplished; that the attack upon same sought to be made by the deputy commissioner of finance is a collateral attack, and even though the decree of dissolution rendered in the matter of the Farmers Co-operative Company is void, it cannot be reached in this proceeding, and the court further finds that the commissioner in charge of the Farmers Bank is estopped to question the dissolution by reason of the act of its cashier in signing the appearance to said proceeding.

"It is therefore considered, ordered and adjudged by the court that the commissioner be and he is directed to pay to the complainants the full amount of the dividends of thirty-three and one-third per cent of the amount of their respective deposits, without deduction on account of the proportionate share of each of the deft of said Farmers Co-operative Company to said bank, and that the commissioner be and he is further directed to pay to each and every other former stockholder of said Farmers Co-operative Company all amounts heretofore withheld by him from such payments of dividends or collected from them."

Motions for a new trial and in arrest were overruled and commissioner Major had appealed. Only the appellant files a brief.

The first point urged is that the judgment rendered is not responsive to the issues and therefore it is void. We hold this point well taken. The petition sought citation for contempt. No citation was issued and the accused came voluntarily into court and filed answer in which he attempts to excuse himself for not obeying the former order of the court. Whether or not such action on the part of the accused is a waiver of citation we are not called upon at this time to determine. Suffice it to say there was a hearing of evidence and the court entered a judgment thereon sustaining its order previously made, and again directed the Commissioner to pay the thirty-three and one-third per cent dividend, but made no finding of his guilt and made no alternative order. It has been held that before a person can be punished for contempt it must appear that there has been an adjudication and conviction or a judgment holding the party guilty of contempt of court. [13 C. J., 80; Ex parte O'Brien, 127 Mo. 477, 30 S. W. 158.]

It has also been held that if the facts constituting the contempt are sufficiently set forth in the moving papers filed, the judgment is sufficient if it express on its face its general objects, together with apt reference to the moving papers. But the better practice is that the judgment should state on its face the cause of the contempt, and when the statute so requires it must be strictly followed. [13 C. J. 81.] Here, the judgment on its face shows there was no finding on the question of contempt. The judgment is limited to a finding that the former adjudication and order of the court relative to the payment by the commissioner of the dividend in question was legal and proper, and makes no ruling on the question of contempt, the very essence and purpose of the action. Therefore we hold the judgment entered to be void and this is a situation of which appellant may take advantage. Other questions raised need not be determined. The judgment is reversed and the cause remanded for a new trial. *Bland, J.*, concurs; *Trimble, P. J.*, absent.